**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (CINCINNATI)**

| | | |
|---|---|---|
| JARVIS L. LOCKHART,<br><br>Plaintiff,<br><br>vs.<br><br>OFFICER C. ADAMS, *et al.*,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Case No. 1:26-cv-00856<br><br>District Judge Matthew R. Byrne<br>Magistrate Judge Caroline H. Gentry |

## ORDER

This civil rights matter is before the Court on Plaintiff Lockhart's recent Motion for Default Judgment. (Doc No. 10.) For the following reasons, the Motion is **DENIED** as **PREMATURE**.

As noted in previous orders, the *pro se* Plaintiff is proceeding in this case *in forma pauperis* (or IFP), as authorized by 28 U.S.C. § 1915. (*See* Doc. No. 3, 11.) That statute requires the Court to conduct a preliminary review of Plaintiff's Complaint and to dismiss any part of it that cannot proceed any further. 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A; *Gifford v. Grassley*, No. 20-10762, 2020 WL 4006845, at *1 (E.D. Mich. Apr. 6, 2020), *adopted*, 2020 WL 2028572 (E.D. Mich. Apr. 28, 2020) ("Congress crafted a screening procedure that requires the court to *sua sponte* review the complaints of all plaintiffs proceeding IFP and dismiss any before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.")

(emphasis added). The required review must occur before the Court orders that any Defendants be served. *See Nalls v. Montgomery Cnty. Prosecutor's Off.*, No. 3:22-cv-243, 2022 WL 22854894, at *1 (S.D. Ohio Oct. 7, 2022) ("the statute plainly requires the Court to screen the Complaint before it is served on putative defendants."). The Court reviews each claim under the relevant standards. 28 U.S.C. §§ 1915 & 1915A.

In this case, the Court has not yet completed the initial screen of Plaintiff's Complaint. Therefore, the Court has not ordered that any Defendants be served; no Defendants have actually been served; and no Defendants are in default for not responding to the Complaint. Plaintiff's Motion for Default is thus premature. *See also* Fed. R. Civ. P. 55 (describing the two-step process for obtaining a default judgment, which was not followed here).

The Court will send Plaintiff a copy of its decision screening his Complaint. He is **REMINDED** that he must keep this Court informed of his current address while this case is pending and promptly file a Notice of New Address if he is released or transferred.

**IT IS SO ORDERED.**

*/s/ Caroline H. Gentry*
CAROLINE H. GENTRY
United States Magistrate Judge